# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

DAVID HAMILTON,

      Plaintiff,             :         Case No. 3:08-cv-279

                                   District Judge Thomas M. Rose
    -vs-                               Chief Magistrate Judge Michael R. Merz

                             :

UNITED HEALTH GROUP, et al.,

      Defendants.

## REPORT AND RECOMMENDATIONS

This case is before the Court on Plaintiff's Motion to Remand this case to the state court from which it was removed (Doc. No. 9). Both Defendants oppose remand (Doc. Nos. 14, 15) and Plaintiff has filed a Supplemental Memorandum in support (Doc. No. 16).

Although not included in the list of motions deemed "dispositive" under 28 U.S.C. § 636(b)(1)(A), a motion to remand has been classified as dispositive by case law. *Vogel v. U.S. Office Products Co.*, 258 F.3d 509 (6th Cir. 2001). Thus the undersigned files this Report and Recommendations on the Motion.

Plaintiff brought this action in the Dayton Municipal Court seeking statutory damages from violations of the Telephone Consumer Privacy Act, 47 U.S.C. §§ 227, et seq., (the "TCPA") and the Ohio Consumer Sales Practices Act, Ohio Revised Code Ch.1345. Defendants removed the case to this Court on an assertion of subject matter jurisdiction under 28 U.S.C. § 1331, to wit, that claims made pursuant to the TCPA arise under federal law.[1]

---

[1]Although the Complaint alleges that the Defendants are foreign corporations and that fact would support diversity of citizenship jurisdiction under 28 U.S.C. § 1332, the amount in

1

The relevant statute, 47 U.S.C. § 227(b)(3), provides:

> (3) **Private right of action.** A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State--
>   (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>   (B) an action to recover for actual monetary loss from such a violation, or to receive $ 500 in damages for each such violation, whichever is greater, or
>   (C) both such actions.
>  If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

Without doubt, claims made by virtue of the TCPA "arise under" federal law because it is federal law that creates the cause of action. *American Well Works Co. v. Layne & Bowler Co.,* 241 U.S. 257, 260 (1916)(Holmes, J.). An action which arises under federal law may be brought originally in a United States District Court without regard to the amount in controversy. 28 U.S.C. § 1331.

28 U.S.C. § 1441(a) provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants . . .

As Defendants note, most of the cases cited by the Plaintiff from other circuits expressly recognize that TCPA claims arise under federal law and that the district courts therefore would have original jurisdiction. (Defendant Silverlink's Memorandum in Opposition, Doc. No. 14, at 2-3.) The question is whether the language referring to state courts in 47 U.S.C. § 227(b)(3) counts as "expressly provid[ing]" that such cases may not be removed to federal courts.

---

controversy falls far below the statutory minimum of $75,000 required for diversity jurisdiction.

2

The most recent Supreme Court authority on the meaning of "expressly provided" in 28 U.S.C. § 1441 is *Breuer v . Jim's Concrete of Brevard, Inc.*, 538 U.S. 691, 123 S. Ct. 1882, 155 L. Ed. 2d 923 (2003). In *Breuer*, a unanimous Supreme Court upheld removal of a Fair Labor Standards Act ("FLSA") case where the statute provided that a suit under the FLSA "may be maintained . . . in any Federal or State court of competent jurisdiction." The Court noted that leading commentators found the word "maintain" to be ambiguous and certainly not an express prohibition on removal. 538 U.S. at 695, citing 1A J. Moore et al., Moore's Federal Practice P 0.167[5], p 472 (2d ed. 1996), and 14C C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 3729, p 235 (1998). Justice Souter continued:

> The most, then, that Breuer can claim simply from the use of the term "maintain" is that any text, even when ambiguous, that might be read as inconsistent with removal is an "express" prohibiting provision under the statute. But if an ambiguous term like "maintain" qualified as an express provision for purposes of 28 U.S.C. § 1441(a), then the requirement of an "expres[s] provi[sion]" would call for nothing more than a "provision," pure and simple, leaving the word "expressly" with no consequence whatever. "[E]xpres[s] provi[sion]" must mean something more than any verbal hook for an argument.

*Id*. at 695-696. The Court then cited 28 U.S.C. § 1445 for its express prohibition on removal of cases against railroads, common carrier actions for less than $10,000, worker's compensation cases, and actions under the Violence Against Women Act of 1994, as well as other express prohibitions made in other statutes – the Securities Act of 1933, the Interstate Land Sales Full Disclosure Act, and the Condominium and Cooperative Abuse Relief Act. Justice Souter concluded, "When Congress has 'wished to give plaintiffs an absolute choice of forum, it has shown itself capable of doing so in unmistakable terms." *Id*. at 697, quoting *Cosme Nieves v. Deshler*, 786 F.2d 445 (1986).

There is no mention of removal at all in the TCPA, much less any express prohibition. Thus the natural reading of the TCPA in light of *Breuer* would be that such cases, since they arise under federal law, are removable under § 1441. That is the reading of § 227(b)(3) given by the Seventh

Circuit in *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (2005).  The court opined:

> One may say exactly the same about the right to sue in state court under § 227(b)(3) [as the Supreme Court said about the FLSA in *Breuer*]. It does not mention removal or the general federal-question jurisdiction. It does not declare state jurisdiction to be exclusive. Thus it does not expressly override a defendant's removal rights under both § 1441 (because a claim that a business violated the Telephone Consumer Protection Act arises under federal law) and the Class Action Fairness Act. Section 1445 has a list of non-removable actions that satisfy the "express prohibition" required by § 1441(a), and the Telephone Consumer Protection Act is not on that list. *Breuer* collects other express bars but does not include the Telephone Consumer Protection Act among them. 538 U.S. at 696-97.

*Id*. at 450.  The *Brill* court noted that six courts of appeals had found state court jurisdiction under the TCPA to be exclusive, citing the same published cases relied on by Plaintiff, but concluded they could not be reconciled with *Breuer*.  *Id*. citing *Foxhall Realty Law Offices, Inc. v. Telecommunications Premium Services, Ltd.*, 156 F.3d 432 (2d Cir. 1998); *ErieNet, Inc. v. Velocity Net, Inc*., 156 F.3d 513 (3d Cir. 1998); *International Science & Technology Institute, Inc. v. Inacom Communications, Inc.,* 106 F.3d 1146 (4th Cir. 1997); *Chair King, Inc. v. Houston Cellular Corp*., 131 F.3d 507 (5th Cir. 1997); *Murphey v. Lanier,* 204 F.3d 911 (9th Cir. 2000); *Nicholson v. Hooters of Augusta, Inc.*, 136 F.3d 1287 (11th Cir. 1998).  This Court agrees.  In *Breuer* a unanimous Supreme Court held that a prohibition on removal must be express, and not inferred from the grant of jurisdiction to state courts.  All of the published circuit opinions relied on by Plaintiff were written before *Breuer* and therefore do not discuss it.

Plaintiff relies on *Dun-Rite Construction, Inc., v. Amazing Tickets, Inc*., 2004 U.S. App. LEXIS 28047 (6th Cir. 2004), a Sixth Circuit decision written after *Breuer* but before *Brill*.  *Dun-Rite* neither discusses nor cites *Breuer*, but merely relies on the published opinions from other circuits as making the non-removability of a TCPA case "well-settled."[2]  Defendants had removed that case

---

[2] "The record reflects that Amazing Tickets did not have an arguable basis for removal. Contrary to Amazing Tickets' argument on appeal, state courts' maintenance of exclusive jurisdiction over

4

to the United States District Court for the Northern District of Ohio in October, 2003, five months after *Breuer* was decided, but apparently never cited *Breuer* in opposing remand, for there is no reference to *Breuer* in Judge Wells' opinion. See *Dun-Rite Constr., Inc. v. Amazing Tickets, Inc.*, 2004 U.S. Dist. LEXIS 3914 (N.D. Ohio 2004).

*Dun-Rite* is an unpublished opinion of the Sixth Circuit. "Unpublished opinions are never controlling authority." *Fonseca v. CONRAIL*, 246 F.3d 585, 591 (6th Cir. Ohio 2001), 6th Cir. R. 28(g); *Salamalekis v. Commissioner of Soc. Sec.*, 221 F.3d 828, 833 (6th Cir. 2000). *Dun-Rite* is also not persuasive authority because it does not discuss *Breuer*.

Plaintiff also relies on *Charvat v. GVN Michigan, Inc.*, 531 F. Supp. 2d 922 (S.D. Ohio 2008). On defendant's motion for partial summary judgment, Judge Marbley held that under TCPA a plaintiff could not recover any damages for a first call that and only per-call rather than per-violation statutory damages for subsequent calls. When the amount in controversy was recalculated based on that holding, it fell below the $75,000 threshold for diversity jurisdiction and Judge Marbley *sua sponte* dismissed the case for lack of jurisdiction; he had found there was no federal question jurisdiction because state court jurisdiction was exclusive, relying on *Dun-Rite* and *Compoli v. AVT Corp.,* 116 F. Supp. 2d 926 (N.D. Ohio 2000). Judge Marbley had no occasion to discuss *Breuer* because *Charvat* was not a removed case; *Charvat* was a removed case, but decided well before *Breuer*.

Plaintiff argues that the ruling in *Brill* on which Defendants rely is only dictum because the removing defendants in *Brill* relied on both the TCPA and the Class Action Fairness Act. On the

---

private rights of action under the TCPA and federal courts' concomitant lack of jurisdiction to hear such private claims are well-settled. See *Murphey v. Lanier,* 204 F.3d 911, 915 (9th Cir. 2000); *ErieNet, Inc. v. Velocity Net, Inc.,* 156 F.3d 513, 519 (3d Cir. 1998); *Foxhall Realty Law Office Inc. v. Telecomms. Premium Servs., Ltd.*, 156 F.3d 432, 434 (2d Cir. 1998); *Nicholson v. Hooters of Augusta. Inc.*, 136 F.3d 1287, 1289 (11th Cir. 1998), modified in 140 F.3d 898 (11th Cir. 1998); and *Int'l Science & Tech. Inst., Inc. v. Houston Cellular Corp.,* 131 F.3d 507, 514 (5th Cir. 1997)." 2004 U.S. App. LEXIS 28047 at *5

contrary, Judge Easterbrook's analysis of *Breuer* was necessary to the decision to reverse the district court in Brill because the district judge had remanded to state court on grounds the case failed to satisfy the $5 million in controversy requirement of CAFA "but also that suits under the Telephone Consumer Protection Act never may be removed, because state jurisdiction is exclusive." *Brill*, 427 F.3d at 447 citing 2005 U.S. Dist. LEXIS 19664 (N.D. Ill. Sept. 8, 2005).

Plaintiff relies on several district court decisions after *Brill*. For example, in *Boydston v. Asset Acceptance LLC,* 496 F. Supp. 2d 1101 (N. D. Cal. 2007), the court rejected *Brill's* analysis. However, the court also noted it was bound by the pre-*Breuer* published decision of the Ninth Circuit in *Murphey v. Lanier,* 204 F.3d 911 (9th Cir. 2000).

In *Brodeur v. Swan Fin. Corp.*, 2006 U.S. Dist. LEXIS 21792 (E.D. Mo. 2006), Judge Noce did not find himself bound by circuit precedent, but nonetheless concluded that Congress intended state court jurisdiction of TCPA cases to be exclusive. Absent *Breuer*, this Court would find Judge Noce's learned exegesis of the statute persuasive. However, the Supreme Court's decision in *Breuer* is not limited to the FLSA but instead holds that any prohibition on removal must, in order to meet § 1441(a)'s exception, be express. There is in the TCPA no express prohibition on removal. Absent such language, *Breuer* instructs that TCPA cases are removable. The Motion to Remand should therefore be denied.

September 22, 2008.

                                                       s/ **Michael R. Merz**
                                                     Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C),

or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).